## Margaret Carey, Plaintiff in Error, v. Chicago Railways Company, Defendant in Error.

### Gen. No. 19,729. (Not to be reported in full.)

Error to the Superior Court of Cook county; the Hon. HENRY V. FREEMAN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Reversed and remanded. Opinion filed October 6, 1914.

### Statement of the Case.

Action by Margaret Carey against Chicago Railways Company to recover for an assault by defendant's conductor in ejecting plaintiff from one of its cars. To reverse a judgment for defendant, plaintiff prosecutes a writ of error.

SMIETANKA, JOHNSON, MOLTHROP & POLKEY, for plaintiff in error; CHARLES P. MOLTHROP, of counsel.

ROBERT J. SLATER and ALFRED B. DAVIS, for defendant in error; JOHN R. GUILLIAMS and FRANK L. KRIETE, of counsel.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

### Abstract of the Decision.

1. INSTRUCTIONS, § 154*—*when modification by substituting word "may" for "will" misleading.* Where an instruction as offered told the jury "that it is the duty of plaintiff to prove her case by a preponderance or greater weight of the evidence, and if the jury believe that the evidence bearing upon the plaintiff's case, as laid in her declaration or any count thereof, preponderates in her favor, they will find the defendant guilty," was modified by the court in substituting for the word "will" the word "may" in the final clause, *held* the modification rendered the instruction misleading. as conveying the idea that the direction to find the defendant guilty was

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

discretionary, and that the misleading character of the instruction was sufficient to require a reversal.

2. INSTRUCTIONS, § 52*—*use of mandatory words.* Where an instruction is to direct the jury to find for the party that proves his case by a preponderance of the evidence, the direction should be mandatory by the use of the word "shall" or "should," though the use of the word "will" will not be considered improperly employed.

3. CARRIERS, § 525*—*when testimony improperly stricken out as hearsay evidence.* In an action against a street railway company to recover for a malicious assault by defendant's conductor in ejecting plaintiff from one of its cars, plaintiff swore that she gave the conductor a transfer and she was corroborated as to such fact by another passenger who also swore that she told the conductor before ejecting plaintiff that she had paid her fare, and plaintiff also testified as to what said passenger told the conductor but the court struck out the testimony as hearsay evidence, *held* that the court erred in striking out the testimony for the reason it tended to show what information the conductor had before ejecting plaintiff, and was material and direct evidence bearing on the question of malice and the character of his subsequent conduct.